J-S66043-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHANE CODY HACKWORTH, | |
| Appellant | No. 743 WDA 2017 |

Appeal from the PCRA Order March 10, 2017
in the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0000253-2009

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    FILED DECEMBER 19, 2017

Appellant, Shane Cody Hackworth, appeals, pro se, from the order of March 10, 2017, dismissing, without a hearing, his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Because the petition is untimely without applicable exception, we affirm.

We take the underlying facts and procedural history in this matter from our independent review of the certified record. On February 19, 2009, the Commonwealth filed a criminal information charging Appellant with possession with intent to deliver and related offenses. Appellant entered an open guilty plea to one count each of possession with intent to deliver and possession of

_____

[*] Retired Senior Judge assigned to the Superior Court.

drug paraphernalia on May 5, 2009. On July 9, 2009, the trial court sentenced Appellant to an aggregate term of incarceration of not less than twelve nor more than twenty-four months. Appellant did not file a direct appeal.

On December 15, 2016, Appellant, acting pro se filed a motion to terminate sentence. On January 9, 2017, the PCRA court filed an order deeming Appellant's filing to be a PCRA petition and appointing counsel. On February 6, 2017, appointed counsel filed a motion to withdraw in the PCRA court, together with a Turner/Finley letter.[1] On February 17, 2017, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. See Pa.R.Crim.P. 907(1). That same day, the PCRA court issued an order granting counsel's motion to withdraw. On March 10, 2017, the PCRA court dismissed the petition as untimely. The instant, timely appeal followed. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. See Pa.R.A.P. 1925(b). Nevertheless, Appellant filed a Rule 1925(b) statement. See id. On June 13, 2017, the PCRA court issued an opinion referencing its opinion of February 17, 2017. See Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

1) Was the Appellant prejudiced by the Commonwealth by [sic] the untimely delay in charging the Appellant for (2) months while the Appellant was held in custody?

_____

[1] See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

2) Did the probation officer go beyond their [sic] duties and conduct an illegal search to circumvent the search warrant requirement by acting as police officers "stalking horses/switching hats"?

3) Was Appellant's previous counsel ineffective for not filing pre[-] trial and post[-]trial motions?

4) Was Appellant[']s counsel, [] who was appointed by the Erie County courts to represent Appellant on this case, on the recent motions, ineffective for not acknowledging the errors of law[?]

(Appellant's Brief, at 2-3) (unnecessary capitalization omitted).

Appellant appeals from the dismissal of his PCRA petition. To be eligible for relief pursuant to the PCRA, Appellant must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). Our standard of review for an order denying PCRA relief is well settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

Commonwealth v. Carter, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." Commonwealth v. Hutchins, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

In the instant matter, Appellant filed his PCRA petition on December 15, 2016. The PCRA provides that "[a]ny petition under this subchapter, including

a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, Appellant's sentence became final on August 10, 2009, approximately thirty days[2] after the trial court imposed sentence and Appellant did not file a direct appeal with this Court. See id.; Pa.R.A.P. 903(a). Therefore, Appellant had one year, until August 10, 2010, to file a timely PCRA petition. Because Appellant did not file this petition until December 15, 2016, the petition is facially untimely. Thus, to obtain PCRA relief, he must plead and prove that his claim falls under one of the statutory exceptions to the one-year time bar provided at section 9545(b). See 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully pleads and proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

_____

[2] The thirtieth day, August 8, 2009, was a Saturday.

- 4 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

Id.

Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within 60 days of the date the claim could have been presented." Id. at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. See, e.g., Commonwealth v. Abu-Jamal, 941 A.2d 1263, 1268 (Pa. 2008), cert. denied, 555 U.S. 916 (2008).

Here, in his PCRA petition, Appellant contends that he qualifies under the newly discovered facts exception. (See PCRA Petition, 12/15/16, at 2). Appellant's "fact" consists of the fact that he recently had other inmates assisting him in the law library, and that research led him to the conclusion that his conviction was illegal. (See Motion for Reconsideration, 2/27/17, at 1-2). However, subsequent research revealing decisional law is not a new "fact" under section 9545(b)(1)(ii) of the PCRA. See Commonwealth v. Brandon, 51 A.3d 231, 234-35 (Pa. Super. 2012). As our Supreme Court has stated:

> Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been according to or in contravention of the rule. Put another way, a "fact," as distinguished from the "law," is that which is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law. Consistent with these definitions, an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.

Commonwealth v. Watts, 23 A.3d 980, 986-87 (Pa. 2011) (citations, some quotations, and some punctuation omitted). Thus, Appellant is not entitled to relief because his finding new legal theories after doing research was not an "event that spawned a new claim." Id. at 987.

Therefore, because the record demonstrates that Appellant's PCRA petition is untimely with none of the statutory exceptions to the time bar proven, we affirm the order of the court dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017